SCOTT and DOWLING, JJ., dissent.

---

### F. & D. CO. v. UPPERCU et al.   (No. 5743.)

(Supreme Court, Appellate Division, First Department.   May 1, 1914.)

TRIAL (§ 13*)—CASES FOR SPECIAL CALENDARS—RULES.

Under Rule 5, subd. 2, for the regulation of Trial Terms of the Supreme Court in the First judicial district, providing that an action upon a "bond for the payment of a specific sum of money" may be placed upon the special calendar for trial, the fact that a defense may take some time to try is immaterial, since the object is to compel a speedy determination of such actions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Appeal from Trial Term, New York County.

Action by the F. & D. Company against Inglis M. Uppercu and the Fidelity & Deposit Company of Maryland. Motion to place cause upon the special calendar for trial was denied, and plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Harold T. Edwards, of New York City, for appellant.

Henry Amerman, of New York City, for respondent.

PER CURIAM. The action is upon a "bond for the payment of a specific sum of money," and is therefore one of those covered by and provided for in subdivision 2, rule 5 of the rules for the regulation of the Trial Terms of the Supreme Court in the First judicial district. We find in the papers on appeal no sufficient ground for denying plaintiff's motion to place it upon the special calendar for trial. It is of no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

moment that defendant offers a defense which may take some time to try. The object of including cases of this character upon the special calendar is to compel a speedy determination of claims arising upon positive obligations to pay money. Whether the case takes a longer or shorter time to try is immaterial.

Order appealed from reversed, with $10 costs and disbursements, and motion granted.